The next case today is Jose Valentin-Marrero et al. versus Commonwealth of Puerto Rico et al. Appeal number 20-204 and appeal number 20-2112. Attorney Borres, please introduce yourself for the record and proceed with your argument. Good morning, my name is Antonio Borres Otero representing the plaintiffs. We understand that the key issues in this case can be reduced to the fact that the appellant on March 2018 drafted in conjunction with the Department of Education, the defendant, an individual education program under the IDEA law which provided for very specific applied behavior analysis services for their child. Those services required that they be provided throughout the educational process, that they be designed by specialists and have a certified specialist, and they provided that same specialist had to provide backup for those services. That specific individual education program was approved and deemed valid by other parties at that moment. The matter with jurisdiction pertained to the fact that that individual education program was drafted as a result of an administrative resolution that required the preparation of two individual education programs. The first one, as I just said, was prepared by the parties. The administrative resolution also required the parties in that same meeting to determine what would provide a free appropriate public education for their child. And the parties did, and they included those specific services in the year 2017-2018. Mr. Borges-Otero, here's what's concerning me. Maybe I'm not understanding the record properly, so let me ask you. As I understood it, the ALJ back in February of 2018 ordered a stay put for the 2017-18 year, and that was to discuss and prepare several plans, an IEP, another IEP for another year, evaluate placement alternatives for 2018-19. And as I understand it, the parties did meet, but what they came up with was not to your client's satisfaction, and in fact, you maintained it was inadequate, what the other side was willing to do. What I can't understand is why at that point you didn't go back to the agency and said, okay, we met, but what they're proposing is inadequate. Instead you went to court, and so we don't have the views of the agency as to whether you're right that the school was not offering enough. So how do you get around not going back to the agency to exhaust your rights there first? I think that's a lot faster than going to court. Your Honor, the first individual education program that was prepared, there was no objection to that individual education program. The parties agreed, the Department of Education agreed that the child needed specialized services, and those services were included, and those services were included in the individual educational program prepared on March 21st, 2018. The administrative resolution required the parties to have a second meeting to prepare the individual educational program for the following year. That meeting took place eight business days later. According to the idea that once an individual educational program is prepared and approved, it has to be implemented. That's the key of the idea, that the parties meet, collaborate, prepare an individual educational program that has to then be implemented by the parties, by the Department, by the educational agency. The Department... Your Honor, is your claim that the other side refused to meet and refused to discuss things, or is your claim that the result of those discussions were not satisfactory to your client? The result of the second meeting should have been that they had to implement the first individual educational program because the child's needs did not change in a matter of eight business days. So then my question is, with respect to that claim that you're just bringing here, did you ever present that claim to the agency? In an administrative procedure, no, because we understood that there was no controversy as to the individual educational program that was prepared for the 2017-2018 year, and therefore, and that individual program, the Department of Education stipulated that was based on the special education file of the child, and they stipulated that it included specific services, and they stipulated that eight business days later, they prepared another individual education... they proposed another individual educational program without any applied behavioral analysis. So you want us to say that the school did something unlawful here, right? Just because... Okay, we'll stay with that for a minute. The thing that you want us to say the school did unlawful, has the administrative agency ever been asked whether or not they agree with you that it was unlawful? No, Your Honor, because by the Department of Education refusing to implement the first individual educational program, they were in violation of the administrative resolution, because... Don't you have to go back and see if the agency would agree with you on that? We understand that we do not, Your Honor, because that would imply that they were not required to implement the first individual educational program, and we understand that that would have violated the order, because the order required them to meet, prepare a first individual educational program that was appropriate public education on that same meeting. What would determine, what would have provided the free appropriate public education was the applied behavioral analysis services that were specified in that first individual educational program. Therefore, had the parties been required to prepare a business later without the services that had been provided in the first individual educational program, that part of the order would have been left void. They would have met, complied with the administrative resolution, devised what the free appropriate public education was going to be, and that would have been set aside with no consequences. In that sense, either the Department of Implementing those services... Yes, but they disagreed with you as to whether they were in violation. That is your position, and you could have taken that dispute to the administrative law judge, who after all had issued a final decision as to one year, and it's out of that conference as to the next year that you have a disagreement with the defendants. That could have been taken to the administrative law judge, and ordinarily should have been taken to the administrative law judge. And those are the sort of judgments which the law wants made first by people with expertise in the area, not federal district court judges. So there was a dispute. You chose not to take the dispute back to the administrative agency, which you could have done. Your Honor, we understand that since the parties were in agreement... I'm sorry, I don't see how that gets you anywhere, because an agreement in a one-year IEP does not constitute an agreement for the entire purpose of IDEA is to provide services which, with some luck, help improve the child's educational abilities and learning in the least restrictive environment possible. And those judgments are assigned, in the first instance, to the administrative process, and you have a right to appeal to the administrative law judge. With all due respect, Judge... Four minutes remaining, four minutes. We disagree. We understand... I understand you disagree, but suppose that you should have exhausted your remedies. Suppose that is, in fact, the appropriate outcome here. Doesn't the rest of your case go away? Yes, Your Honor, it will. But because, like you said, going back to the administrative resolution, and the administrative resolution could not have decided... of your decision was to bind everybody as to the next year's IEP, but you chose not to do so. Okay, is there anything further you need to argue to us? Your Honor, the end result of the case was that the district court determined that this child did not need to receive the same applied behavior, applied services... What the district court did was deny you a preliminary injunction on the basis that you had not met the requirements for a PI to show that the school system... you had a likelihood of success on your claim that the school system had denied FAPE and the IEP, which it was offering to the parents. And as I understand the record, your parents kept walking out of meetings with the school authorities and refusing to meet to discuss this. I respectfully disagree. The district court did issue the preliminary injunction... But you're... I'm sorry, yes, you're right. You're here on the summary judgment, was it? Yes, Your Honor. Okay. Did issue the preliminary injunction ordering the educational... Yes, but you're here now on summary judgment. And the whole purpose of the summary judgment under the IDEA law is to determine to what services the child is entitled. And there you have a significant problem of failure to exhaust administrative remedies. We don't believe... Wrap up in the next 30 seconds, please. The parties agreed that this child needed specific services that were included in the 2017-2018 Individual Educational Program. The best result of this litigation is that the district court determined that the child is not entitled to those services that were based on the special educational... Okay, you have argued that five times now. Is there anything other than that that you choose to argue? That the district court did not... All the evidence that the district just considered was evidence that was provided as a result of trying to comply with the preliminary injunction. Thank you. That's enough. Thank you. Thank you, Attorney Boris Otero. If you could please mute your audio and video at this time. Attorney Lugo, if you could unmute your audio and video and introduce yourself on the record to begin. Good morning, Carlos Lugo. On behalf of defendants, may I please the court? We understand that the district court to have dismissed the complaint for plaintiff's failure to exhaust the administrative remedies as provided by Congress in the IDEA. The essence of the complaint, the allegations of the complaint are that the Department of Education in its draft of the 2018-2019 IEP did not provide the minor with a FAPE because it allegedly did not provide ADA services that had been agreed upon on the previous IEP. That question should have been brought to the state administrative forum. And they do not... They admit that they did not go to the administrative forum. And they do not show that they... I mean, there is an obligation under the IDEA to exhaust that remedy. And the plaintiffs have not shown that they fall under any of the recognized exceptions to the doctrine of exhaustion of administrative remedies. They haven't shown that the administrative forum would have been futile. They have not shown that they will have sustained irreparable harm or great harm from resorting to the state agency instead of going straight to court. And finally, what they finally did and what the district court approved or denied was that they invoked the enforcement jurisdiction that Congress does not openly recognize in the IDEA, but the law of the circuit and of various other circuits recognizes a right of a person to seek a court order to enforce a previous administrative hearing. So, in that sense, the key in this case is whether there is an enforceable order here. And the fact is that when you go to the administrative order of February 12, 2018, which is the only order we have from the state forum, it doesn't say anything about the 2018-2019 IEP as to whether it provides as to the need of ABA services as to any placement. There's no order whatsoever. The only order… Yes, sure. A practical question that's puzzling me. We're sitting here now in the spring of 2022 talking about whether the plan for 2018 was adequate or not. That seems something wrong with the process. How could we possibly say anything now about what a FAPE or IEP should be for 2018-2019? Presumably, the child is moved on three years further in the process. Yes, it is worrying. However, the reason this appeal is still… The reason this appeal is a controversy is because the district court gave the awarded plaintiff some remedies on the basis that the first draft of the 2018-2019… On the basis of its finding that the first draft, the Department of Education presented of the 2018-2019 IEP did not provide the child with an FAPE. Council, yes, we follow the logic of that. At this point, the child should have a 2021-2022 IEP. Is that correct? Yes. The one that should be running, because there's none approved, the one that should be running is 2021-2022. In fact, there should already have been a meeting for the 2022-2023 school year. Okay, and is it that the parents are refusing to attend meetings? Basically, yes. So, if in the spring, say in March of 2018, there was an impasse, they were unhappy, how long would it take to go get relief from the administrative process? Well, a few months maybe. I can't tell for sure, but going from the… Taking as guidance the previous administrative order, they filed it on August, late August 2017, and it was resolved in early February 2018. And in that procedure, the parties will have, there will be a hearing, and in fact, there was no evidentiary hearing at that case. There was no administrative evidentiary hearing. It was mostly a matter of agreements. And agreements will have been reached at that stage, and this will have been resolved in months. In the district court, yes, it can happen, but it will take longer because it's litigation. Okay. I have a question. This exhaustion requirement under First Circuit precedent is considered to go to subject matter jurisdiction. But some of the circuits, especially in light of the claims processing recent jurisdiction of the case law of the Supreme Court, now think it's more a claims processing rule than a subject matter jurisdiction rule. Under either view, the complaint gets dismissed. It either gets dismissed for lack of jurisdiction or it gets dismissed for the failure to state a claim. From the point of view of the state, including Puerto Rico educational authorities, does it really make any difference whether it's treated as a subject matter jurisdiction or a claims processing rule? Not in this case. No, not particularly. Because the only difference that I see right now that it could make is if we had not made a timely claim before the district court. But we raised the issue before the district court many times, so the issue is well preserved. Okay. Okay. Got it. Thank you. Okay. There is an appeal filed by plaintiffs. It hasn't been discussed in this argument, so I will not discuss it here unless, except to say that if by any chance this court decides that the district court acted correctly by denying our motion to dismiss, we understand that the plaintiff's appeal does not have any merit and should not be reversed. We're not waiving the, without waiving the exhaustion argument, but we have, I just want to state that for the record. And if the court has no questions, I will submit the case. Okay. Thank you very much. Thank you. That concludes argument in this case. Attorney Borres and Attorney Lugo should disconnect from the hearing at this time.